**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* | Civil No. 3:22-cv-826 (KAD) |
| v. | |
| ONE 1980 CESSNA T210N AIRPLANE, TAIL NUMBER N4723Y, SERIAL NUMBER 21063993 *Defendant.* | |
| [CLAIMANT: REGINA SANTOS QUISPE] | |

## STIPULATION FOR COMPROMISE SETTLEMENT

In full and final satisfaction of any and all claims, demands, and liens from which PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), its agents, subrogees, successors, and assigns, now have against the above-referenced ONE 1980 CESSNA T210N AIRPLANE, TAIL NUMBER N4723Y, SERIAL NUMBER 21063993 (Defendant Asset), the UNITED STATES and the CLAIMANT, REGINA SANTOS QUISPE ("CLAIMANT"), and her agents, subrogees, successors, and assigns, by and through her respective counsel, hereby stipulate and agree to the compromise settlement of the above-referenced action, upon the terms and conditions set forth below:

1. That the CLAIMANT agrees to the forfeiture of THIRTY-THREE THOUSAND DOLLARS AND ZERO CENTS in United States Currency ($33,000.00) to the UNITED STATES in lieu of the forfeiture of the Defendant Asset, ONE 1980 CESSNA T210N AIRPLANE, TAIL NUMBER N4723Y, SERIAL NUMBER 21063993. The lump sum of $33,000.00 is to be delivered to the United States Attorney's Office - District of Connecticut and made payable to U.S. Customs and Border Protection in the form of a

cashier's check or other certified payment. Such a payment must be made on or before thirty (30) days from the date of the CLAIMANT'S signature on this agreement.

2. The forfeiture amount referenced in paragraph 1 of this stipulation does not include payment of storage fees for the Defendant Asset which will be separately paid by CLAIMANT to the storage facility.

3. The parties agree that the CLAIMANT will take possession of the Defendant Asset from the storage facility no later than sixty (60) days after delivery of the payment to the United States Attorney's Office – District of Connecticut, referenced in paragraph 1. The location of the storage facility will be provided to the Claimant once this agreement is fully executed.

4. If the CLAIMANT fails to take custody of the Defendant Asset by removing it from the storage facility by the deadline set forth in paragraph 3, the United States will consider the Defendant Asset to be abandoned and will commence abandonment proceedings. Should these proceedings commence, the CLAIMANT agrees that she waives any objection to abandonment.

5. Should the CLAIMANT need the deadline set forth in paragraph 3 extended, the parties will confer in good faith. The existence of this provision, however, does not mean that such extensions will be granted.

6. That CLAIMANT agrees for the purpose of this Stipulation for Compromise Settlement in the above-captioned case that the CLAIMANT is not the prevailing party pursuant to 28 U.S.C. § 2412.

7. That CLAIMANT further agrees that neither the CLAIMANT nor any current or future agents, representatives, subrogees, assigns or successors, shall appear in or pursue any

action or proceeding at law or in equity to contest the agreed payment in lieu of forfeiture of the above Defendant Asset to the UNITED STATES in the above-referenced forfeiture action.

8. That CLAIMANT stipulates that the CLAIMANT hereby releases and forever discharges the United States of America, the United States Department of Homeland Security, or any other agency, and their officers, agents, servants, and employees,.their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimant, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and payment in lieu of forfeiture of the Defendant Asset.

9. That CLAIMANT further agrees to hold and save the United States of America, the United States Department of Homeland Security, or any other agency, and their servants, employees, heirs, successors, or assigns harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, and payment in lieu of forfeiture of the Defendant Asset.

10. This Stipulation for Compromise Settlement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the part of the CLAIMANT, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the further expense and risk of litigation.

11. The signatories to this document represent that they have the authority to bind the respective individuals and/or organizations.

12. The parties acknowledge that no other promises, agreements, or conditions have been entered into other than those set forth in this Stipulation of Compromise Settlement, and none will be entered into unless set forth in writing, signed by all the parties.

13. Payments related to this settlement are subject to offset pursuant to the Treasury Offset Program. Federal law requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and certain other debts owed to individual states, including delinquent child support. The IRS also levies disbursing officials to collect delinquent tax debts. Agencies submitting debts for collection by offset or levy send due process notification to the last known address prior to submission. If a payment to be made to a CLAIMANT(S) is reduced to collect a debt, the Department of Treasury will send a notice to the CLAIMANT(S) at the last address provided by the CLAIMANT(S) to the governmental agency or entity to whom the offset payment is made. If a CLAIMANT has any questions about whether the payment may be subject to an offset, the CLAIMANT(S) may contact the Treasury Department at 1-800-304-3107.

**LEFT BLANK INTENTIONALLY**

14. The UNITED STATES and the CLAIMANT agree to bear their own costs and attorneys fees, and to execute and/or consent to, any additional documentation necessary to implement the terms of this stipulated agreement and in this forfeiture action.

UNITED STATES OF AMERICA
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

Dated: May 25, 2023

By:_____
DAVID C. NELSON (ct25640)
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT 06510

ATTORNEY FOR THE PLAINTIFF
UNITED STATES OF AMERICA

Dated: May 25, 2023

_____
C. CHRISTIAN YOUNG
COHEN & WOLF, P.C.
1115 BROAD STREET
BRIDGEPORT, CT 06604

ATTORNEY FOR THE CLAIMANT

Dated: May/04/2023

_____
REGINA SANTOS QUISPE
CLAIMANT



ESTADO PLURINACIONAL DE BOLIVIA
**MINISTERIO DE JUSTICIA**
Y
**TRANSPARENCIA INSTITUCIONAL**



Código de seguridad: 7XuHjQ2qnKva

VALOR Bs. 3.-

# FORMULARIO NOTARIAL
Resolución Ministerial N° 57/2020

## C E R T I F I C A C I O N E S   Y   O T R O S

NÚMERO: DOSCIENTOS VEINTIDOS/DOS MIL VEINTITRES - 222/2023---------------
+++++ En el municipio de Santa Cruz de la Sierra del departamento de Santa Cruz del Estado Plurinacional de Bolivia, a horas **17:48 (diecisiete y cuarenta y ocho), del día, jueves cuatro del mes de mayo** del año dos mil veintitrés, ANTE MÍ **MARIA ESTHER MENDEZ DE ROMERO,** Notario de Fe Pública N° 51 del municipio de Santa Cruz de la Sierra del departamento de Santa Cruz, se hizo presente la señora: **REGINA SANTOS QUISPE,** con Cédula de Identidad N° **2626180** (dos, seis, dos, seis, uno, ocho, cero), **Boliviana, Divorciado(a),** con profesión y/o ocupación **Comerciante,** con domicilio en Z. CALAMA C. ANTOFAGASTA N- 7820, quien se apersona en su propio derecho, en su condición de **SOLICITANTE:**-------------------------------------------------------
La misma que ratifica con el tenor de la presente Carta adjunta, Dirigida a: **ESTADOS UNIDOS DE AMERICA-Demandante, v.** UN AVION CESSNA T210N DE 1980, NUMERO DE COLA N4723 Y NUMERO DE SERIE 21063993 -**Demandado.-** RECLAMANTE: **REGINA SANTOS QUISPE.-** de: REF.: **ESTIPULACION PARA LA RESOLUCION DEL COMPROMISO.-**-------------------------------------------------------------
**CONCLUSION.-**---------------------------------------------------------------------
**ES CUANTO CERTIFICO A LOS FINES DE LEY.- DOY FE.-**----------------------------
Firmado  en  documento  original  con  código  de  contenido:
2cd3c0cf1abc667ab666d3252b17f02d4f3442448d2ffb8515672ea187182742.------------

--------------------------------------------------------------------------------

Abog. María Esther Mendez de Romero
NOTARIA DE FÉ PÚBLICA
N° 51
25042018
Santa Cruz - Bolivia